| | |
|---|---|
| 1 | **UNITED STATES DISTRICT COURT** |
| 2 | **DISTRICT OF NEVADA** |
| 3 | * * * |

| | |
|---|---|
| STEPHEN CARR, | Case No. 2:16-cv-02994-APG-NJK |
| Plaintiff, | |
| v. | **ORDER (1) GRANTING IN PART DEFENDANTS' MOTION TO DISMISS AND (2) GRANTING IN PART DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT; FRANCIS KLEEHAMMER; and DOE OFFICERS I THROUGH X, | |
| Defendants. | (ECF No. 7) |

On January 29, 2011, plaintiff Stephen Carr was involved in a vehicular encounter with the Las Vegas Metropolitan Police Department (LVMPD) in which an officer performed a pursuit immobilization technique (PIT) maneuver on his vehicle. ECF No. 1 at 3. Ultimately, Carr was convicted of a misdemeanor and multiple felonies. Carr filed this complaint against the officers involved and the LVMPD, alleging they manufactured accident reports to retroactively justify an excessive use of force and falsely testified about the existence of those reports.

The defendants move to dismiss many of the claims and for a more definite statement as to the basis for some of the claims. ECF No. 7 at 14. They argue that Carr's state law tort and conspiracy claims are barred by the applicable statute of limitations, as is his claim of excessive use of force under 42 U.S.C. § 1983. They further argue that the testifying officer is immune from liability for claims under § 1983 based on his testimony. In addition, they argue that the claims of excessive use of force and concert of action were not sufficiently pleaded, and that the claim of fraud on the court is not recognized in Nevada. Finally, they argue that neither the supervising officer engaged in the encounter nor the LVMPD can be held liable under a theory of *respondeat superior*.

I grant in part both the motion to dismiss and the motion for a more definite statement.

## I. BACKGROUND

On January 29, 2011, LVMPD Officer Kyle McKnight and Sergeant Francis Kleehammer performed a PIT maneuver on Stephen Carr's vehicle. ECF No. 1 at 3. As a result of this encounter, Carr was charged with a misdemeanor and two felonies. *Id.* On January 27, 2012, Carr was tried in the Las Vegas Justice Court for the misdemeanor charge. *Id.* During that same proceeding, the court held a preliminary hearing on the felony charges. *Id.*

At that proceeding, Kleehammer testified that he had not completed a report regarding the incident. *Id.* at 4. In fact, Kleehammer had filed a report, as had McKnight. *Id.* at 6. Carr was convicted of the misdemeanor. *Id.* at 5. His felony jury trial took place in February, 2016 and he was acquitted of one charge and convicted of the others. *Id.* at 6–7.

On December 27, 2016, Carr filed his complaint alleging eleven claims for relief against the LVMPD, Kleehammer, and McKnight.[1] In sum, Carr alleges that the use of the PIT maneuver was an unauthorized and excessive use of force, that McKnight and Kleehammer worked together to file reports that justified this use of force, and that Kleehammer then testified falsely about the existence of the reports. *Id.* at 3–18. He alleges that the LVMPD is liable for the actions of McKnight and Kleehammer and for failing to properly supervise and train its officers. *Id.* He seeks compensatory and punitive damages.

The defendants move to dismiss most of the claims. ECF No. 7 at 1. They also move for a more definite statement as to facts underlying certain claims not dismissed. *Id.* at 14–15.

## II. ANALYSIS

### A. Standards of Review

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to rise

---

[1] Carr never served McKnight, who was dismissed from the case without prejudice pursuant to Fed. R. Civ. P. 4(m). ECF No. 17.

above the speculative level." *Twombly*, 550 U.S. at 555.  To survive a motion to dismiss, a complaint must "contain[] enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).

I apply a two-step approach when considering motions to dismiss. *Id.* at 679.  First, I must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor. *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247–48 (9th Cir. 2013).  Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations. *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248.  Mere recitals of the elements of a cause of action, supported by only conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678.

Second, I must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679.  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 663.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and citations omitted).  When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires [me] to draw on [my] judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In pertinent part, Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  A Rule 12(e) motion is "ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail, and if requirements of the general rule as to pleadings are satisfied and the opposing party is fairly notified of the nature of the claim such motion is inappropriate." *Castillo v. Norton*, 219 F.R.D. 155, 163 (D. Ariz. 2003) (internal quotation marks and citation omitted).  In other

words, if a complaint complies with Rule 8, a motion for a more definite statement should be denied.

**B. First claim for relief – Kleehammer's testimony (§ 1983)**

Carr alleges that Kleehammer lied at the misdemeanor trial/felony preliminary hearing, thereby violating Carr's right to due process. ECF No. 1 at 4, 5. However, Sergeant Kleehammer is immune from liability under § 1983 for his testimony during the trial and preliminary hearing. "Police officer witnesses enjoy the same absolute immunity from liability under § 1983 that private witnesses enjoy." *Holt v. Castaneda*, 832 F.2d 123, 125 (9th Cir. 1987); *Briscoe v. LaHue*, 460 U.S. 325 (1983). This is true even when a police officer is alleged to have given perjurious testimony, and applies with respect to both trial and pretrial proceedings. *Holt*, 832 F.2d at 124–25.

I grant the defendants' motion to dismiss all § 1983 claims arising from Kleehammer's testimony. Amendment would be futile, so I deny leave to amend as to § 1983 claims arising from this testimony. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) ("Futility alone can justify the denial of a motion for leave to amend.").

**C. Second claim for relief – manipulation of reports (§ 1983)**

Carr's second claim for relief alleges that Kleehammer and McKnight "amended, altered, manipulated, coordinated, fabricated, or otherwise manufactured" their use of force reports about the incident in order to "provide retroactive justification for the use of force" against Carr. ECF No. 1 at 6. Carr alleges that the use of these fabricated reports against him in his felony trial violated his rights to equal protection and due process. *Id.* at 7. The defendants respond that this claim should also be dismissed because of Kleehammer's immunity from § 1983 liability for his trial testimony. ECF No. 7 at 15.

It is unclear whether Carr is basing this claim on the allegedly improper preparation of the reports, or their use at trial, or both. ECF No. 1 at 6–7. To the extent the claim is based upon Kleehammer allegedly testifying from or about the reports at trial, as discussed above Kleehammer is immune from liability based on his testimony. But if Carr is alleging that the

1  false reports, in and of themselves, caused him injury outside of the context of trial, he may be able to make out a claim. However, the Complaint fails to identify what use of the reports caused him damages and how. Therefore, I grant the defendants' motion to dismiss this claim. But I will allow Carr to file an amended claim if he can assert facts giving rise to a valid claim.

### D. Third claim for relief – intentional infliction of emotional distress

In federal actions where the plaintiff's "claims are based on state law, the applicable statute of limitations and tolling rules are also determined by state law." *Morrison v. Quest Diagnostics Inc.*, 139 F. Supp. 3d, 1182, 1187 (D. Nev. 2015) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 744–46 (1980)). In Nevada, the limitation period for claims of intentional infliction of emotional distress is two years. Nev. Rev. Stat. § 11.190(4)(e). The limitation period begins to run on tort claims "when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990). Under the discovery rule, "the statutory period of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action." *Id.*

Carr alleges that the defendants engaged in extreme and outrageous conduct with the intention of or reckless disregard for causing emotional distress by falsely testifying, actively concealing the existence of the use of force reports, and intentionally altering the reports in order to retroactively justify the use of force and convict him. ECF No. 1 at 8. He alleges that as a result of this conduct, he "suffered severe or extreme emotional distress." *Id.*

Defendants respond that this claim is time-barred by the Nevada statute of limitations. ECF No. 7 at 6–7. They argue the claim had to accrue at the latest by January 27, 2012, when Kleehammer "purportedly made the false statements during the preliminary hearing." *Id.* at 7. In response, Carr argues that the limitation period was tolled because the defendants "intentionally concealed and withheld" the use of force reports. ECF No. 9 at 3. Therefore, the claim did not accrue until December 27, 2014, when the reports "were finally provided" to him. *Id.* at 3. He argues that he could not have known the extent of his injuries before obtaining the reports. *Id.* at 4, 6.

When questioned on January 27, 2012 about incident reports, Kleehammer stated that other officers had completed the incident report. *See* ECF No. 1 at 4 ("[T]he report was actually done by Officer Brasnahan and Brawn . . . . We were involved, and we generally don't do all the reports if you're involved."). I assume the truth of Carr's statement that he did not receive McKnight and Kleehammer's reports until at least December 27, 2014. Carr has thus pleaded facts sufficient to show that he did not discover the facts supporting his claim until December 27, 2014. Therefore, I deny the defendants' motion to dismiss this claim as time-barred.

### E. Fourth claim for relief - negligence

The limitation period for negligence claims in Nevada is two years. Nev. Rev. Stat. § 11.190(4)(e). A negligence claim accrues under Nevada law "when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen*, 792 P.2d at 20. However, under the discovery rule, "the statutory period of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action." *Id.*

Carr alleges the defendants were negligent in "failing to properly document and report the use of force" against him, "manipulating and coordinating" the accident reports, falsely testifying about "involve[ment] in any reports," "actively concealing the existence" of the reports until after his misdemeanor conviction, and in hiring, training, and supervising police officers. ECF No. 1 at 9–10. He further argues that limitation period was tolled until December 27, 2014, the earliest date on which the reports could have been provided to him. ECF No. 9 at 6.

The defendants respond that this claim accrued at the latest on the day of the initial misdemeanor trial, January 27, 2012. ECF No. 7 at 8. In response to the tolling argument, they state that if Carr "received the reports around the week of December 22, 2014," his complaint is still barred because it was filed on December 27, 2016. ECF No. 10 at 5.

Again, assuming the truth of Carr's factual allegations, he has pleaded sufficient facts to show that he filed his complaint within the limitation period. Therefore, I deny the defendants' motion to dismiss this claim as time-barred.

/ / / /

**F. Fifth claim for relief – LVMPD's failure to properly supervise or train (§ 1983)**

Carr alleges in his fifth claim that the LVMPD violated his "constitutional rights" by failing to properly supervise or train Kleehammer and McKnight "regarding the proper use of force and subsequent reporting procedures." ECF No. 1 at 10. The defendants do not move to dismiss this claim.

The defendants have moved for a more definite statement regarding which of Carr's rights have been violated under § 1983. ECF No. 7 at 14. Section 1983 provides a mechanism for the private enforcement of substantive rights conferred by the U.S. Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "To state a claim under § 1983, a plaintiff must [1] allege the violation of a right secured by the Constitution and laws of the United States, and must [2] show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). I grant the defendants' Rule 12(e) motion for a more definite statement as to which of Carr's federal rights were violated by the LVMPD's alleged failure to supervise and train McKnight and Kleehammer.

**G. Sixth claim for relief – conspiracy**

"An actionable [civil] conspiracy consists of a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another, and damage results from the act or acts." *Dow Chemical Co. v. Mahlum*, 970 P.2d 98, 112 (Nev. 1998) (quoting *Sutherland v. Gross*, 772 P.2d 1287, 1290 (1989)). A civil conspiracy "requires that the defendants have an intent to accomplish an unlawful objective for the purpose of harming another." *Id.* "To prevail in a civil conspiracy action, a plaintiff must prove an agreement between the tortfeasors, whether explicit or tacit." *Id.*

The limitation period for civil conspiracy is four years. *Siragusa v. Brown*, 971 P.2d 801, 806 (Nev. 1998). The cause of action "accrues when the plaintiff discovers or should have discovered all the necessary facts constituting a conspiracy claim." *Id.* at 807.

Carr alleges that Kleehammer conspired with McKnight to manipulate the use of force reports "with the intention of accomplishing an unlawful objective for the purpose of harming" him. ECF No. 1 at 11. He argues that the limitation period was tolled due to the defendants' concealment of the reports. ECF No. 9 at 3–4, 6. Carr has pleaded sufficient facts to show that he could not have discovered all the necessary facts constituting this claim until receiving the reports on December 27, 2014. Therefore, I deny the defendants' motion to dismiss this claim as time-barred.

**H. Seventh claim for relief – concert of action**

Concert of action "resembles the tort of civil conspiracy." *Mahlum*, 970 P.2d at 111. Liability for this tort "attaches . . . if two persons commit a tort while acting in concert with one another pursuant to a common design." *Id.* The defendants must "agree to engage in an inherently dangerous activity, with a known risk of harm, that could lead to the commission of a tort." *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001).

Carr alleges that Kleehammer and McKnight "acted in concert with one another" to manipulate the use of force reports. ECF No. 1 at 12. The defendants respond that Carr has not alleged facts showing that there was an agreement nor that they were engaging in inherently dangerous activity. ECF No. 7 at 12.

Carr has not pleaded sufficient facts to show that in manipulating the use of force reports the defendants were engaging in an inherently dangerous activity with a known risk of harm. Therefore, I grant the defendants' motion to dismiss for failure to state a claim. Amendment would be futile, so I deny leave to amend as to this claim.[2] *See Nunes*, 375 F.3d at 808.

////

---

[2] The only possible "inherently dangerous activity" engaged in by the defendants is the PIT maneuver. As this occurred on January 29, 2011, the claim would be time-barred by the statute of limitations. *See* Nev. Rev. Stat. § 11.220.

### I. Eighth claim for relief – fraud on the court

Carr alleges that the defendants provided the "fabricated" use of force reports during the felony trial, which "was intended to or did in fact undermine the integrity of the court proceeding." ECF No. 1 at 13–14. The defendants respond that fraud on the court is not a recognized cause of action in Nevada. ECF No. 7 at 12–13. Carr does not respond to this argument. Under Local Rule 7-2(d), the "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." As Carr did not file any response to the defendants' motion with respect to this claim, I grant the motion to dismiss the claim.

### J. Ninth claim for relief – excessive use of force

Actions under § 1983 are "governed by the state statutes of limitations for personal injury actions." *Morales v. City of L.A.*, 214 F.3d 1151, 1153 (9th Cir. 2000). The Nevada limitation period for personal injury actions is two years. Nev. Rev. Stat. § 11.190(4)(e). Federal law determines the accrual of civil rights claims. *Morales*, 214 F.3d at 1153–54. A claim under § 1983 accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* at 1154 (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)).

Carr alleges that McKnight's execution of the PIT maneuver on his vehicle was an excessive use of force, and that Kleehammer permitted him to perform this maneuver in violation of LVMPD regulations. ECF No. 1 at 14. The defendants respond that this claim is time-barred. ECF No. 7 at 9.

The use of the PIT maneuver occurred on January 29, 2011. ECF No. 1 at 3. This is the alleged excessive use of force, so Carr knew or had reason to know of his injury on that date. Therefore, his cause of action accrued on January 29, 2011 and the limitation period expired on January 29, 2013. The claim is time-barred and I grant the defendants' motion to dismiss. As amendment would be futile, I deny leave to amend this claim. *See Nunes*, 375 F.3d at 808.

/ / / /

**K. Eleventh claim for relief[3] – *respondeat superior***

  *1. LVMPD*

A municipality cannot be held liable under § 1983 under a *respondeat superior* theory. *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 691 (1978). Rather, the injury must be inflicted by the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," for "the government as an entity [to be] responsible under § 1983." *Id.* at 694. "A plaintiff cannot demonstrate the existence of a municipal policy or custom based solely on a single occurrence of unconstitutional action." *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000).

Carr alleges that the LVMPD "is liable for the tortious acts" of Kleehammer and McKnight "under a theory of respondeat superior." ECF No. 1 at 18. The defendants respond that the LVMPD cannot be held liable because Carr failed to identify a custom or policy that caused his alleged injuries. ECF No. 7 at 13–14. In response, Carr argues that "the LVMPD's own inactions and utter lack of investigation" in his case comprise a custom. ECF No. 9 at 14.

Carr has not alleged facts showing any other occasion in which the LVMPD failed to investigate uses of deadly force sufficient to show a custom or policy. Therefore, I grant the defendants' motion to dismiss this claim as it arises under § 1983. Amendment is not necessarily futile, so I grant leave for Carr to amend his complaint if he can plead facts sufficient to show that the LVMPD has a policy of non-investigation. However, I make no ruling on this claim as it relates to Carr's state law claim, as the defendants did not move to dismiss on that basis.

  *2. Kleehammer*

To be liable under § 1983, a defendant must have personally participated in the alleged misconduct. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "There is no *respondeat superior* liability under section 1983." *Id.* Thus, a supervisor cannot be liable merely because a subordinate engaged in illegal behavior. Rather, "[a] supervisor is liable under § 1983 for a subordinate's constitutional violations 'if the supervisor participated in or directed the violations,

---

[3] The tenth claim for relief in the initial complaint was against only Officer McKnight, and thus is dismissed without prejudice.

or knew of the violations and failed to act to prevent them.'" *Maxwell v. County of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2013) (quoting *Taylor*, 880 F.2d at 1045).

I grant the defendants' motion to dismiss this claim against Kleehammer as it relates to a claim under § 1983. However, I make no ruling on this claim as it relates to Carr's state law claim, as the defendants did not move to dismiss on that basis. However, the defendants have moved for a more definite statement regarding "the basis of Carr's 'respondeat superior' claim against Sergeant Kleehammer." ECF No. 7 at 14. I grant the defendants' Rule 12(e) motion for a more definite statement of the basis for Kleehammer's *respondeat superior* liability under state law.

### III. <u>CONCLUSION</u>

IT IS THEREFORE ORDERED that the defendants' motion for partial dismissal and for more definite statement **(ECF No. 7) is GRANTED in part.** The plaintiff's § 1983 claims arising from Sergeant Kleehammer's testimony are dismissed with prejudice. The plaintiff's concert of action claim is dismissed with prejudice. The plaintiff's fraud on the court claim is dismissed with prejudice. The plaintiff's § 1983 excessive use of force claim is dismissed with prejudice. The plaintiff's *respondeat superior* claim under § 1983 against Kleehammer is dismissed with prejudice. The plaintiff's *respondeat superior* claim under § 1983 against the LVMPD is dismissed, but the plaintiff is granted leave to amend that claim if he can show that the LVMPD had a policy or custom that caused his injuries. The plaintiff's second claim for relief regarding use of reports is dismissed, but the plaintiff is granted leave to amend that claim if he can show facts giving rise to a cause of action not barred by Kleehammer's testimonial immunity. The defendants' motion for a more definite statement is granted as to the failure to properly supervise and train claim against the LVMPD and the state law *respondeat superior* claim against Kleehammer.

/ / / /

/ / / /

/ / / /

IT IS FURTHER ORDERED that plaintiff Stephen Carr shall file an Amended Complaint as detailed above within 30 days from the date of this order.

DATED this 25th day of September, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE